UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FONDA R. POWELL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-335

District Judge Michael J. Newman

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 8),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of November 10, 2007. PageID 244. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, vertigo and migraine headaches. PageID 65. Notably, Plaintiff's date last insured ("DLI") for DIB disability purposes is December 31, 2008 (PageID 65) and, thus, the relevant time period in which Plaintiff can claim DIB disability benefits is the time between her alleged onset date of

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

November 10, 2007, and her DLI of December 31, 2008, *i.e.*, a closed period of alleged disability consisting of approximately 14 months. *See Watters v. Comm'r of Soc. Sec. Admin.*, 530 F. App'x 419, 421 (6th Cir. 2013) (noting that the relevant time period in determining a claimant's eligibility for DIB "runs from his [or her] alleged onset date to his [or her] date last insured").

After an initial denial of her application, Plaintiff received a hearing before ALJ Laura S. Twilley ("ALJ") on May 22, 2018. PageID 81. The ALJ issued a written decision on July 27, 2018 finding Plaintiff not disabled. PageID 63-74. Specifically, the ALJ found at Step Four that, based upon Plaintiff's residual functional capacity ("RFC")[2] to perform a reduced range of light work,[3] she was capable of performing her past relevant work. PageID 72. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 55. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 63-74), Plaintiff's Statement of Errors (doc. 9) and the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[2] A person's RFC is the most that an individual can do despite all of his or her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1).

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

3

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues, *inter alia*, that the ALJ erred by failing to analyze the opinion of treating physician Hakim A. Hussin, M.D. Doc. 9 at PageID 986. Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27,

2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 404.1527(c)(2).

Generally, a treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record."  *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician."  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

In this case, Dr. Hussein did not become Plaintiff's treating physician until February 13, 2012, but nevertheless opined that, based on Plaintiff's medical records prior to his treatment relationship with Plaintiff, he believed she was unemployable prior to December 31, 2008.  PageID 946.  More specifically, Dr. Hussein opined that, prior to her DLI, Plaintiff was not "able to perform full time competitive work over a sustained basis without missing work more than 2 times per month or being off task more than 15% of the work day due to either [her] impairments, [her] medical appointments and/or [her] treatment."  PageID 947.

The ALJ found Dr. Hussein's opinion entitled to "little weight" and specifically set forth the following reasons for so finding:

> Although Dr. Hussein is a board certified Neurologist, the undersigned finds his opinion is afforded little weight because Dr. Hussein did not start treating the claimant until 2012. Dr. Hussein as no actual knowledge of the claimant's functional abilities before December 31, 2008. At best, Dr. Hussein has

5

> attempted to make an educated guess on a time four years before he even began to treat the claimant.

*Id*. The ALJ's analysis is deficient because it is unclear whether or not the ALJ conducted a controlling weight determination.[4] Certainly, the ALJ never specifically declined to afford Dr. Hussein's opinion controlling weight. *Id*. In addition, the specific reasons noted by the ALJ demonstrate consideration of only the "specialization" and "treatment relationship" factors set forth in 20 C.F.R. § 404.1527, factors considered "only after only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

While, ultimately, the evidence of record may support a non-disability finding for the closed period at issue here, the ALJ's failure to conduct a controlling weight analysis when analyzing Dr. Hussein's treating opinion nevertheless warrants reversal of the non-disability finding at this time. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) ("Although substantial evidence otherwise supports the decision of the Commissioner . . . reversal is required because the agency failed to follow its own procedural regulation, and the regulation was intended to protect applicants").

---

[4] Insofar as Dr. Hussein opines that Plaintiff was "unemployable," the ALJ was not required to afford such opinion deference. Such opinion is one on the ultimate issue of disability, an issue reserved for the Commissioner. Soc. Sec. Ruling ("SSR") 96-5p, 1996 WL 374183, at *2 (July 2, 1996); *see also Hargrove v. Comm'r of Soc. Sec.*, No. 5:15CV707, 2016 WL 1039594, at *12 (N.D. Ohio Jan. 20, 2016), *report and recommendation adopted*, No. 5: 15 CV 707, 2016 WL 1070831 (N.D. Ohio Mar. 15, 2016); *Peterson v. Comm'r of Soc. Sec.*, No. 14-CV-13116, 2015 WL 12683974, at *7 (E.D. Mich. Aug. 7, 2015), *report and recommendation adopted*, No. 14-CV-13116, 2015 WL 5567771 (E.D. Mich. Sept. 21, 2015). While medical source opinions on issues reserved to the Commissioner "must never be ignored," SSR 96-5p, 1996 WL 374183 at *2-3, "the ALJ need not accord . . . controlling weight" to any opinion on such issues, even if offered by a treating source. *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 341 (6th Cir. 2008) (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). Instead, an ALJ must weigh such an opinion based on the factors set forth in 20 C.F.R. § 404.1527 regarding the nature and extent of the treatment relationship, supportability, consistency, and specialization. *See Thomas v. Colvin*, No. 3:15-CV-438, 2017 WL 163385, at *5 (S.D. Ohio Jan. 17, 2017), *report and recommendation adopted sub nom. Thomas v. Berryhill*, No. 3:15-CV-438, 2017 WL 680441 (S.D. Ohio Feb. 21, 2017).

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits.  The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing."  42 U.S.C. §405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).  In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  12/7/2020

s/Michael J. Newman
Michael J. Newman
United States District Judge